IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO LAQUINN BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-100 |
| | ) | (Formerly CR 114-098) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Antonio Laquinn Butler filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED**, (doc. no. 2), and this civil action be **CLOSED**.

I. **BACKGROUND**

On September 10, 2014, a grand jury in the Southern District of Georgia charged Petitioner in a six-count indictment with two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(1)(1) and 841(b)(1)C), two counts of possession of firearms during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and two counts of possession of a firearm by a convicted felon, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  United States v. Butler, CR 114-098, doc. no. 1 (S.D. Ga. Sept. 10, 2014) (hereinafter "CR 114-098").  Petitioner retained attorney Hank Crane to represent him, and on March 16, 2015, Petitioner pleaded guilty to Count Three of the indictment, possession of a firearm by a convicted felon.  Id., doc. nos. 53-55.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-three, Criminal History Category at VI, and Guidelines imprisonment range at ninety-two to one hundred fifteen months.  PSI ¶¶ 33, 43, 70.  Because Petitioner had a prior felony conviction for a controlled substance offense at the time of his conviction, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), his base offense level was twenty.  PSI ¶¶ 23, 38.  That base level raised two points because Petitioner had possessed a stolen firearm and then raised another four points because he possessed a firearm while in possession of cocaine.  The adjusted offense level subtotal of twenty-six was reduced by three points to twenty-three based on Petitioner's acceptance of responsibility.  PSI ¶¶ 29, 31-33.  The statutory maximum term of imprisonment for Petitioner's offense of conviction is ten years.  18 U.S.C. §§ 922(g)(1) and 924(a)(2); PSI ¶ 69.  Had Petitioner been convicted of the two counts of possession of firearms during a drug trafficking crime that were dismissed as part of the plea agreement, a mandatory consecutive term of twenty-five years could have been added to his sentence.  18 U.S.C. § 924(c)(1)(C)(i); PSI ¶ 71.

At sentencing on May 20, 2015, United States District Judge Dudley H. Bowen, Jr., imposed a sentence of seventy-two months of imprisonment, a $100 special assessment, and a $1,500 fine.  CR 114-098, doc. nos. 64, 65.  Petitioner did not file an appeal.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that the ruling in Johnson entitles him to be resentenced to "time served." Petitioner does not contend he was sentenced under the statutory provisions of the ACCA but instead argues for the extension of Johnson to his sentence that was imposed under a provision of the advisory sentencing Guidelines. (See generally doc. no. 1.)

## II. DISCUSSION

### A. Johnson Does Not Apply to the Guidelines.

As explained above, Petitioner's offense level computation under the Guidelines increased based on a prior felony conviction for a controlled substance offense and because he possessed a stolen firearm while in possession of cocaine. PSI ¶¶ 23-25. Therefore, his base offense level was automatically set, and then twice increased for specific offense characteristics, under the terms of § 2K2.1 of the Guidelines. U.S.S.G. § 2K2.1(a)(4) provides for a base offense level of twenty "if the defendant committed any part of the

3

instant offense subsequent to sustaining one felony conviction of either a crime of violence *or* a controlled substance offense." (emphasis added).

A controlled substance offense is defined as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution of dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §§ 2K2.1 & App. Note 1 and 4B1.2(b). Prior to his conviction in federal court, Petitioner was convicted in the Superior Court of Richmond County on November 25, 2009, of possession of cocaine with intent to distribute. PSI ¶ 38. Thus, Petitioner's Guidelines calculation was based on a prior felony drug conviction, not a crime of violence.

Even if Petitioner's sentence had been increased under the Guidelines definition of a crime of violence, he would still not be entitled to relief. Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause or even the residual clause in the Guidelines, and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not

4

entitled to be resentenced without application of § 2K2.1.[1] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### B.    Petitioner Is Not Entitled to Appointed Counsel.

Petitioner also filed a motion for appointment of counsel. There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris

---

[1] The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted* No. 15-8544 (U.S. June 27, 2016).

5

v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[2]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his § 2255 motion detailing his underlying criminal proceedings and citing recent case law. Moreover, as explained above, his case does not fall within the parameters of Johnson and is due to be dismissed. Therefore, the Court **DENIES** the motion for appointment of counsel. (Doc. no. 2.)

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (doc.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

6

no. 2), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA